CHILDRESS v JUBELT

DEPOSITIONS—ADMISSIBILITY—WITNESSES.

A deposition taken *de bene esse* is taken provisionally for use if the witness is unavailable at the time of trial and is admissible as evidence only if the witness is in fact unavailable at the time of trial; otherwise, the witness should be called and the deposition not be used.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 December 7, 1972, at Lansing. (Docket No. 13316.) Decided February 22, 1973.

Complaint by Harebell Childress and Recalia Childress against Paul R. Jubelt for damages arising out of an automobile collision. Verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, P. C.* (by *Barry P. Waldman*), for plaintiffs.

*Condit & McGarry, P. C.,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. The question presented concerns the propriety of admitting a pretrial deposition at trial. This case was originally set for trial in the summer of 1971. At that time it appeared that one

REFERENCE FOR POINTS IN HEADNOTE
23 Am Jur 2d, Depositions and Discovery §§ 7, 112 *et seq.*

of the witnesses would be outside the jurisdiction at the time of trial and the parties agreed to take his deposition *de bene esse.* The case did not come on for nonjury trial until the fall of 1971. The defendant introduced the deposition into evidence and the plaintiffs objected alleging that there had been no showing that the witness was not available at that time. Plaintiffs have appealed urging admission of the deposition as error. We reverse and remand for new trial.

Defendant claimed that the plaintiffs had stipulated to the use of the deposition at trial but the record does not sustain this position. The plaintiffs did agree that the deposition was to be taken *de bene esse.* However, a deposition taken *de bene esse* is taken provisionally for use if the witness is unavailable at the time of trial. See Black's Law Dictionary, p 476. In admitting the deposition the trial court stressed the fact that it was *de bene esse,* and it appears that the trial court misunderstood the meaning of the term.[1]

The trial court determined that if the deposition was inadmissible the defendant was liable to the plaintiffs in a specific amount. However, we believe a new trial is necessary and the defendant should have the opportunity to call the missing witness.

Reversed and remanded for a new trial on both liability and damages.

All concurred.

---

[1] An understandable lapse; like the trial court we were unfamiliar with the term until this case.